RECEIVED
SEP - 8 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JIMMY R. GREEN, ET AL. | CIVIL ACTION NO. 06-0330 |
| versus | JUDGE WALTER |
| CITY SERVICE REFINERY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

This putative class action was removed from state court for a second time, and there is a pending Motion to Remand that presents a number of procedural and jurisdictional objections to the removal. The court has noticed two other aspects of the case, not addressed in the briefs related to the motion to remand, that warrant attention.

First, most of the named class representatives in the original and amended petition are alleged to be residents of Louisiana. One named representative, Ethel Kirkendoll, is alleged to be a resident of Ft. Worth, Texas, and Beverly Nelson is alleged to reside in Los Angeles, California. According to the Notice of Removal, Doc. 7, paragraphs 21-22, Defendant Occidental Petroleum Corporation has its principal place of business in California. Both of the Texas Eastern defendants, as well as CanadianOxy Offshore Production Co., have their principal places of business in Texas.

The named class representatives in a class action must be diverse from the Defendants. Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 866 n. 1 (5th Cir.

2002).[1] The pleadings filed by the plaintiffs describe the residences of the class representatives, as is common in state court, but it is domicile that determines citizenship and that is important to federal diversity jurisdiction. Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person's domicile is typically based upon his physical presence in a location and his intention to remain there indefinitely. Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996) (setting forth detailed rules and relevant factors for assessing domicile).

Defendants' notice of removal, at paragraph 25, alleges that at the time the original petition was filed, at the time this case was removed in 1991, and at the time this removal was effected "all plaintiffs named therein were residents of the State of Louisiana." As noted above, there is some question about whether all relevant plaintiffs were citizens of Louisiana when they were named back in 1991 and at the time of the most recent removal. "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury, 85 F.3d at 249.

---

[1] The Class Action Fairness Act ("CAFA") of 2005 amended 28 U.S.C. § 1332 to provide that in certain class actions federal courts have original jurisdiction if any member of a class of plaintiffs is a citizen of a state different from any defendant. A related removal provision was enacted as 28 U.S.C. § 1453. The CAFA legislation provides that it shall apply to any civil action commenced on or after the date of its enactment, which was February 18, 2005. This civil action was commenced well before that date, so the minimal diversity rules of CAFA do not appear to be applicable. If, however, Plaintiffs were to amend their complaint to add a new defendant (or perhaps to make other changes), they would run the risk of triggering a right of removal under CAFA. See Braud v. Transport Service Co. of Illinois, 445 F.3d 801 (5th Cir. 2006).

Defendants have the burden of presenting facts to show that there is diversity jurisdiction. They are directed to file an **Amended Notice of Removal** by **September 29, 2006** that sets forth with specificity facts regarding the citizenship of the named class representatives at the relevant times and, if Defendants believe the presence of a named representative is not relevant, explaining the factual or legal basis for ignoring the citizenship of any named class representative. Plaintiffs' counsel are obviously better equipped to know or determine the domicile of the named class representatives at the time of the 2006 removal. They are encouraged to cooperate in providing counsel for Defendants any information relevant to complying with this order. If the parties are unable to gather the information in a cooperative fashion, the court will permit limited and expedited discovery if Defendants file a properly supported motion requesting such relief.

After the parties have responded to this order, the court will review the case and attempt to ascertain whether there is diversity of citizenship between the relevant named parties. If there is, the court will then proceed to address the issues in the motion to remand.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 8th day of September, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE